UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
*ex rel.*
DOLOS ANALYTICS, LLC, a
Delaware limited liability company,

Case No.: **SEALED**

Plaintiff,

vs.

EXPO CONVENTION CONTRACTORS,
INC., a Florida corporation; and EXPO
MANAGEMENT SERVICES, INC.,
a Florida corporation,

Defendants.

FILED BY _____ D.C.
SEP 05 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

_____/

## *QUI TAM* COMPLAINT

Plaintiff, the United States of America ("United States"), *ex rel.* Dolos Analytics, LLC, a Delaware limited liability company ("Relator"), through its undersigned counsel, hereby files this *qui tam* Complaint against Defendants Expo Convention Contractors, Inc., a Florida corporation ("Expo Contractors"), and Expo Management Services, Inc., a Florida corporation ("Expo Management"), (collectively "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This *qui tam* action alleges violations of the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* ("FCA") arising from Defendants' fraudulent misrepresentations presented to the United States Small Business Administration ("SBA") and lender acting on the SBA's behalf, in their application to obtain and have forgiven over one million dollars in loans under the Paycheck Protection Program.

2. Founded in 1995, Defendants and their affiliates manage and coordinate events, trade shows, and conferences for clients throughout the United States and employ over 300 employees.

3. Defendants are affiliated with each other because they control or have the power to control one another, or a third party or parties controls or has the power to control the Defendants and other parties.

4. Defendants deceived the SBA into lending them and over one million dollars by knowingly misrepresenting their number of employees combined with their affiliates to con the SBA into accepting their eligibility for loans under the applicable SBA small businesses standards.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this *qui tam* action brought under the FCA, 31 U.S.C. §§ 3279, *et seq.*, pursuant to 28 U.S.C. §§1331 and 1345, and 31 U.S.C. §§ 3732(a) and 3730(b).

6. Relator is an "original source" and otherwise authorized to maintain this action in the name of the United States and as contemplated by the FCA, 31 U.S.C. §§ 3729-33. Relator has or will make all the necessary voluntary disclosures to the United States and filed all documents necessary with the United States as required by 31 U.S.C. § 3730(b)(2).

7. There has been no public disclosure of the "allegations or transactions" in this Complaint under Section 3730(e) of the FCA. The specific facts, circumstances, and allegations of Defendants' violations of the FCA have not been publicly disclosed in a civil suit or administrative civil money penalty proceeding in which the United States is already a party. Moreover, Relator is an "original source" of the allegations in this Complaint under 31 U.S.C. § 3730(e) of the FCA, even had such a public disclosure occurred.

8. The Court has personal jurisdiction over Defendants because 31 U.S.C. § 3732(a) authorizes nationwide service of process, and because Defendants have minimum contacts with the United States, can be found in, and transact or have transacted business in the Southern District of Florida. Further, the acts proscribed by 31 U.S.C. § 3729(a) and described in this Complaint occurred in the Southern District of Florida and elsewhere in the United States.

9. The Defendants are affiliated entities that do business in the Southern District of Florida and throughout the United States and that either directly or through its affiliates made or caused to be made false statements to the SBA to obtain and have forgiven over one million dollars in PPP loans, and accordingly, are subject to the jurisdiction of this Court.

10. Venue lies under 28 U.S.C. § 1391(b), (c) and 31 U.S.C. § 3732(a) because the Southern District of Florida is a district in which the Defendants can be found or transacts business, and an act proscribed by 31 U.S.C. § 3729 occurred within this district.

## PARTIES

11. Plaintiff/Relator, Dolos Analytics, LLC, a Delaware limited liability company, brings this action on behalf of the United States, the real party in interest. Relator is a team of data analytics professionals specialized in gathering data from public and private sources and developing models to identify suspicious activity in such data sets. As it pertains to this matter, Relator gathered data related to all applicants of the SBA's Paycheck Protection Program from public and private sources and designed analytical models that identified suspicious activity related to the applicants' data. Thereafter, Relator's professional team manually reviewed the suspicious activity and identified various fraudulent statements made by Defendants to the SBA as set forth herein. Relator has direct and independent knowledge of the factual allegations contained in this *qui tam* Complaint and brings this action as an "original source," as that term is defined by the FCA.

12. Defendant Expo Convention Contractors, Inc. is a Florida corporation with its principal place of business located at 15959 NW 15th Avenue, Miami, FL 33169. Expo Contractors transacts business and has extensive business contacts within Miami-Dade County, Florida. At all times material hereto, Expo Contractors directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over four hundred thousand dollars in PPP loans.

13. Defendant Expo Management Services, Inc. is a Florida corporation with its principal place of business located at 15959 NW 15th Avenue, Miami, FL 33169. Expo Management transacts business and has extensive business contacts within Miami-Dade County, Florida. At all times material hereto, Expo Management directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over eight hundred thousand dollars in PPP loans.

## FACTUAL ALLEGATIONS

### I. The Paycheck Protection Program

14. On March 27, 2020, Congress enacted the Paycheck Protection Program ("PPP") as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in response to the COVID-19 crisis. Under the PPP, the SBA lent, guaranteed, and ultimately forgave hundreds of billions of dollars to businesses and other organizations.

15. The PPP enabled borrowers to rapidly obtain low-interest loans from private lenders to pay employees and certain expenses to alleviate the unprecedented challenges presented by the COVID-19 crisis.

16. Pursuant to Section 1102 of the CARES Act, the SBA guaranteed 100% of the PPP loans to incentivize private lenders across the country to participate in making such loans expeditiously.

17. Section 1106 of the CARES Act made the loans eligible for partial or full forgiveness subject to the borrower's certification that the funds were used within a specific period to maintain payroll, make rent or mortgage payments, and pay other specified business expenses.

18. To qualify for a first draw PPP loan, the borrower had to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain a PPP loan.

## II. The PPP Second Draw Application Process

19. On December 21, 2020, Congress approved additional funds to replenish the PPP and allow Borrowers to apply for second draw loans. As with the PPP first draw loans, Borrowers were able to rapidly obtain low-interest forgivable loans from private lenders to pay for specified business expenses.

20. Congress modified certain eligibility requirements for the PPP second draw loans. Specifically relevant here, to qualify for a PPP second draw loan, the borrower, combined with its affiliates, must, *inter alia*, have 300 or fewer employees, save for limited exceptions not applicable here.

21. As with the first draw loans, the SBA delegated authority to private lenders to underwrite and approve the PPP second draw loans. Borrowers had to complete and submit a PPP second draw loan application compliant with SBA Form 2483-SD online through its private lender's platform. The PPP loan application required the business to acknowledge the PPP program rules and certify its eligibility to obtain the PPP loan, including, amongst other things, that it had 300 or fewer employees.

22. Once the Borrower submitted its PPP second draw loan application to a private lender, the lender processed the application and if approved, the lender submitted its own application compliant with SBA Form 2484-SD to the SBA certifying that the borrower certified its eligibility to receive a PPP second draw loan. Upon receipt of the lender's application the SBA approved and guaranteed the loan and assigned it a loan number.

23. Upon receipt of the SBA's guarantee, the lender disbursed the loan to the borrower using its own funds and notified SBA that the loan was fully disbursed. Upon receipt of that notification, SBA paid the lender a processing fee.

### III. The PPP Loan Forgiveness Application

24. Borrowers were eligible to apply for forgiveness of the funds borrowed and spent on specified business expenses during the eight to twenty-four week covered period following each loan disbursement.

25. Borrowers could apply for loan forgiveness at any time before the loan's maturity date by completing and submitting SBA Form 3508, or one of its variations depending on circumstances. Pursuant to SBA Form 3508, borrowers were required to certify that they were eligible for loan forgiveness.

### IV. Expo Contractors' Second Draw Fraudulent PPP Loan Application and Forgiveness Application

26. Expo Contractors submitted a PPP second draw loan application compliant with SBA Form 2483-SD to International Finance Bank ("International") falsely certifying its eligibility to receive a PPP loan. Expo Contractors certified that it had 228 employees. Expo Contractors falsely certified that combined with its affiliates, it had 300 or fewer employees.

27. International processed and approved Expo Contractors' PPP second draw application in the amount of $424,500.00. Relying on Expo Contractors' certifications,

International submitted a PPP loan application compliant with SBA Form 2484-SD to the SBA certifying that Expo Contractors had certified that it was eligible to receive said PPP loan.

28. On or about March 20, 2021, and relying on Expo Contractors' false certification, the SBA approved and guaranteed the PPP loan and issued Expo Contractors' loan number 4885258610. International disbursed the PPP loan to Expo Contractors and notified the SBA of such disbursement, at which point the SBA paid International a processing fee.

29. Expo Contractors applied for forgiveness of its PPP second draw loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about November 2, 2021, Expo Contractors' PPP loan, plus accrued interest, was forgiven in the amount of $427,093.52.

V. **Expo Management's Second Draw Fraudulent PPP Loan Application and Forgiveness Application**

30. Expo Management submitted a PPP second draw loan application compliant with SBA Form 2483-SD to International falsely certifying its eligibility to receive a PPP loan. Expo Management certified that it had 75 employees. Expo Management falsely certified that combined with its affiliates, it had 300 or fewer employees.

31. International processed and approved Expo Management's PPP second draw application in the amount of $830,200.00. Relying on Expo Management's certifications, International submitted a PPP loan application compliant with SBA Form 2484-SD to the SBA certifying that Expo Management had certified that it was eligible to receive said PPP loan.

32. On or about May 12, 2021, and relying on Expo Management's false certification, the SBA approved and guaranteed the PPP loan and issued Expo Management's loan number 8836228908. International disbursed the PPP loan to Expo Management and notified the SBA of such disbursement, at which point the SBA paid International a processing fee.

33. Expo Management applied for forgiveness of its PPP second draw loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about November 19, 2021, Expo Management's PPP loan, plus accrued interest, was forgiven in the amount of $834,498.84.

## VI. The Defendants are not Qualified Small Businesses

34. Defendants are affiliated entities because they control or have the power to control one another, or a third party or parties control or have the power to control the Defendants and other parties.

35. To be an eligible small business to receive second draw PPP loans, the Defendants along with all of their affiliates, had to have 300 or fewer employees.

36. Defendants and their affiliates manage all aspects of trade shows and conferences for their clients with offices strategically located throughout the United States and Colombia.

37. Defendants and their affiliates employ more than 300 employees.

38. Expo Contractors was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 300 employees.

39. Expo Management was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 300 employees.

## VII. The False Claims Act

40. The False Claims Act, 31 U.S.C. §§ 3729–3733, is the primary tool with which the United States combats fraud against it. The Supreme Court has held that the False Claims Act's provisions must be construed broadly to reach "all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White*, 390 U.S. 228, 232 (1968).

41. The FCA provides that a person or entity that knowingly presents or causes to be presented a false or fraudulent claim for approval or makes or causes to be made a false or fraudulent claim that is material to a false or fraudulent claim is liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted, plus three times the amount of damages which the United States sustains due to the conduct. 31 U.S.C. § 3729(a); 28 C.F.R. § 85.5(a) (adjusting penalties assessed after January 30, 2023 to a minimum of $13,508 and maximum of $27,018).

42. The terms "knowing" and "knowingly" are defined by the FCA to mean that, with respect to the subject false information, a person has actual knowledge of the falsity, acts in deliberate ignorance of the truth or falsity, or acts in reckless disregard of the truth or falsity, and proof of specific intent to defraud is not required. 31 U.S.C. § 3729(b).

43. As defined in the FCA, the term "claim" means any request or demand for money or property that is presented or caused to be presented to the United States; or that is made to a contractor, grantee, or other recipient, if the money is to be spent or used on behalf of the United States or to advance a United States program or interest, so long as the United States provides or has provided any portion of the subject money or property or will reimburse such contractor, grantee, or other recipient for any portion of the subject money or property. *Id.*

44. The term "material" is defined in the False Claims Act to mean having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. *Id.*

## CAUSES OF ACTION

### Count I: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

(Expo Contractors)

45. Relator re-alleges and incorporates in this Count I, Paragraphs 1 through 44 of this *qui tam* Complaint.

46. Defendant Expo Contractors knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A), specifically, that Expo Contractors was eligible for a PPP loan and to have such PPP loan forgiven.

47. Because of Expo Contractors' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

### Count II: False Statements (31 U.S.C. § 3729(a)(1)(B))

(Expo Contractors)

48. Relator re-alleges and incorporates in this Count II, Paragraphs 1 through 44 of this *qui tam* Complaint.

49. Defendant Expo Contractors knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(B).

50. Because of Expo Contractors' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count III: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

(Expo Contractors)

51. Relator re-alleges and incorporates in this Count III, Paragraphs 1 through 44 of this *qui tam* Complaint.

52. Defendant Expo Contractors knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(G).

53. Because of Expo Contractors' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count IV: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

(Expo Management)

54. Relator re-alleges and incorporates in this Count IV, Paragraphs 1 through 44 of this *qui tam* Complaint.

55. Defendant Expo Management knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A), specifically, that Expo Management was eligible for a PPP loan and to have such PPP loan forgiven.

56. Because of Expo Management's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count V: False Statements (31 U.S.C. § 3729(a)(1)(B))

(Expo Management)

57. Relator re-alleges and incorporates in this Count V, Paragraphs 1 through 44 of this *qui tam* Complaint.

58. Defendant Expo Management knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

59. Because of Expo Management's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## Count VI: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))

(Expo Management)

60. Relator re-alleges and incorporates in this Count VI, Paragraphs 1 through 44 of this *qui tam* Complaint.

61. Defendant Expo Management knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

62. Because of Expo Management's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

## PRAYER FOR RELIEF

63. Wherefore, Relator, demands judgment in its favor as follows:

   a. Against Defendant Expo Contractors under Counts I, II, and III under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

   b. Against Defendant Expo Management under Counts IV, V, and VI under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper; and

   c. Such other relief as this Court may deem just and proper, together with interest and costs of this action.

## DEMAND FOR JURY TRIAL

Relator demands a jury trial as to all issues so triable.

Respectfully submitted,

**ORTEGA GROUP, PLLC**
*Attorneys for Relator*
1108 Ponce de Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 315-2725

Dick M. Ortega, Esq.
Florida Bar No.: 113054
dortega@ortegagroup.law